UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. FERGUSON | : | CIVIL ACTION NO. 19-00990 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| ARCH INSURANCE CO., ET AL | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff Christopher Ferguson.  Doc. 5.  The motion is opposed by defendants Arch Insurance Company and Arm Trucking, Inc. (hereinafter collectively referred to as "defendants".)  Doc. 15.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons that follow, **IT IS RECOMMENDED** that the motion be **DENIED**.

I.
BACKGROUND

Plaintiff filed suit in state court alleging that on September 12, 2018 he was involved in an automobile accident when a semi-trailer truck owned by Arm Trucking, Inc. and driven by Howard Conard changed lanes and struck his vehicle while he was travelling on Highway 90 in Calcasieu Parish, Louisiana.  Doc. 1, att. 4.  He alleges that as a result of the accident he sustained injuries to

> his neck, back, and shoulders, together with past and future mental anguish
> and physical suffering; past and future loss of enjoyment of life; past and
> future expenses for medical care; past and future loss of earnings and
> impaired earning capacity. …

*Id.* at p. 4, ¶ VIII.

On July 31, 2019 defendants removed the lawsuit to this court. Doc. 1. They assert that diversity jurisdiction exists under 28 U.S.C. § 1332, alleging that plaintiff is a citizen of Louisiana, Arch Insurance Company is a Missouri corporation with its principal place of business in New Jersey, Arm Trucking, Inc. is a North Carolina corporation with its principal place of business in North Carolina and Howard Conard is a resident of North Carolina. *Id.* at. pp. 2-3, ¶¶ 7-8. They also contend that the amount in controversy exceeds $75,000 exclusive of interest and costs. *Id.* at ¶ 10.

Plaintiff filed the instant motion to remand on August 5, 2019. Doc. 5. He does not challenge the defendants' citizenship allegations but instead contends that this court lacks jurisdiction because the defendants cannot meet their burden of showing that the amount in controversy exceeds $75,000. Doc. 15, att. 1.

In response to the motion to remand, defendants filed a Motion to Extend Deadline to Respond to Motion to Remand and a Motion for Limited Discovery on the Issue of Jurisdictional Amount [doc. 9] which this court granted on August 22, 2019. Doc. 13. In its opposition to the motion to remand defendants acknowledge that it is not facially apparent from a review of plaintiff's petition whether his claims meet the jurisdictional amount, however, they contend that information obtained through discovery establishes that the amount in controversy is met. Doc. 15.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 29 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing LA. CODE CIV. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that supports a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir.2003). Once the removing defendant has made this showing, the burden shifts to the plaintiff to show to a "legal certainty" that he will not be able to recover the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411-12. The jurisdictional facts supporting removal must be judged at the time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326,1335 (5th Cir.1995).

Here defendants attach plaintiff's responses to discovery which show that he has medical expenses thus far totaling $8,035 and that he is continuing treatment with his medical providers and has been referred to an orthopedic for a consult. Doc. 15, atts. 1, 3. Defendants state that plaintiff's complaints include dizziness, migraines, injuries to this neck, and back, and shoulders with radiating pain into his left arm. Doc. 15, p. 2. Defendants argue that costs of any orthopedic procedure would be significant. Defendants also point out that plaintiff has a claim for past and future lost wages and future lost earning capacity and attach tax returns showing his income for 2016 was $17,824.00[1]. Doc. 15, att. 4, pp. 3-11. Since, according to his answers to interrogatories, plaintiff has not been able to return to work since the accident, defendants maintain that his lost wage claim continues to accrue.

---

[1] Defendants maintain that tax returns for 2017 and 2018 were not provided by plaintiff.

*Id.* at p. 6. Further, defendants submit that plaintiff, age 39, has a claim for lost earing capacity which could be substantial if he is unable to return to work. *Id.*

Given the support of plaintiff's claims of pain and suffering, the ongoing nature of his medical treatment, the fact that he has not returned to work since the accident and his claims for lost wages and impairment of future earning capacity, it appears that the amount in controversy could well exceed $75,000. Accordingly, we find that defendants have met their burden in showing that the jurisdictional amount is met. As plaintiff offers nothing to refute this showing, he has not defeated defendants' showing of jurisdiction and the motion to remand should be denied.

## III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [doc. 5] be **DENIED**.

THUS DONE AND SIGNED in Chambers this 16th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE